The Honorable Jodie Mahony State Senator 106 W. Main, Suite 406 El Dorado, Arkansas 71730
Dear Senator Mahony:
This is in response to your request for an opinion on three questions concerning the establishment of polling places and the use of voting machines in the annual school election. Specifically, you note that Union County has a number of school districts. Most of the school districts have two or more "zones." You note that in many of the annual school elections the only issues on the ballot are approval of the existing millage and the election of one school board member (which election is many times uncontested). You have the following questions in this regard:
 1. In a district which has five zones and only one of the zones has a race for a position, can they set up a single polling place?
 2. The voting records in the county indicate what zone a voter resides within. Can the voter in the zone with an election for the board be given a ballot containing the questions unique to that zone and the remaining voters in the district be given a ballot containing the items unique to their zone? Can both vote on the same voting machine?
 3. Where a school district is divided into two voting zones, is there any mandatory minimum number of polling places necessary to meet the requirements of the Arkansas Election Code? Who makes the decision as to how many polling places and how many poll workers shall be used?
In response to your first question, I assume that by referring to five "zones" you are referring to zones created for the election of school board directors, who are not, in that particular school district, elected "at large," but rather by single member "zones." It is my opinion that the question of how many polling places are required in this school district will depend not upon the number of "zones," but upon the number of "precincts" in the school district. I have recently opined that the general election laws require a polling place for each election precinct. See Op. Att'y. Gen. 95-123, (copy enclosed). The general election laws "shall apply to school elections insofar as not in conflict with the school election laws." A.C.A. § 6-14-101 (Repl. 1993). Thus, the general election law requirement that there be a polling place for each precinct applies to school elections unless some portion of the school election laws is contrary to this requirement. I have found no such provision. See also Christenson v. Felton, 226 Ark. 985,295 S.W.2d 361 (1956), (concluding that former general election law relating to the establishment and authorization of precinct boundaries is the governing law with regard to school district polling places).
In response to your first question, therefore, the county board of election commissioners can set up a single polling place in a school district with five zones only if the school district is comprised of only one precinct. If there is more than one precinct, each precinct must have a polling place. See again, Op. Att'y. Gen. 95-123. I have found no prohibition, however, against the entire school district being designated by the County Board of Election Commissioner as one precinct for purposes of the school election.[1] Cf. Christenson, supra, (stating that the voting precincts used in other elections would not necessarily be the voting precincts used in the school election). This result could be accomplished pursuant to A.C.A. § 7-5-101, as long as the change is not made within thirty days of the election, (see A.C.A. § 7-5-101(a)), and the requisite notice is given, both to the public (A.C.A. § 6-14-106(d), and to the Secretary of State, (see Act 876 of 1995).
In response to your second question, it is my opinion that the answer is "yes," a voter in a zone with a board of directors position up for election may be given a different ballot than a voter not residing in that zone. This must be accomplished so that each voter is allowed to vote on those issues he is entitled to vote on and no others. See Op. Att'y. Gen. 94-326, and generally Op. Att'y. Gen. 90-284 (indicating approval of separate ballots in a township race). Additionally, A.C.A. §7-5-504, concerning the specifications of voting machines, at subsection (6), requires such machines to be equipped to "permit the voter to vote for or against any question on which he may have the right to vote, but no other." Thus, the voting machine should be equipped to allow the election officials to ensure that only those residents of the zone with the director election vote on that issue.
In response to your third question, it is my opinion, in accordance with my conclusion above in response to your first question, that the number of zones is immaterial; but that there must be a polling place in each "precinct." See again, Op. Att'y. Gen. 95-123. In response to the second part of your third question, it is my opinion that the Union County Board of Election Commissioners is to designate the polling places in school elections and is to "appoint the judges and clerks for holding all school elections" in accordance with law. See A.C.A. § 6-14-106(a).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Section 7-5-501, which pertains specifically to the use of voting machines, should perhaps also be noted in this regard. Under this section, voting machines must be provided, (in counties utilizing voting machines) to all precincts in which three hundred or more persons voted in the preceding biennial general election. A.C.A. § 7-5-501(b). Such machines may be provided for all precincts in which one hundred or more persons voted. A.C.A. § 7-5-501(c). The second sentence of subsection (c) states that "[p]recincts voting less than one hundred (100) persons may be consolidated in conformity of the laws of this state so that the total vote of the precincts would have exceeded one hundred (100) votes in the above primary or general election, or in a subsequent primary or general election, and a voting machine may then be installed in that consolidated precinct." Thus, this provision provides additional authority for the aggregation of certain precincts into a "consolidated precinct" for the purposes of allowing use of a voting machine in that precinct.